In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2373

United States of America,

Plaintiff-Appellee,

v.

Henry Don Jeffries,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 98 CR 57--William C. Lee, Chief Judge.

Argued January 10, 2001--Decided September 7, 2001


  Before Ripple, Kanne, and Williams, Circuit
Judges.

  Kanne, Circuit Judge.  On August 27,
1999, Henry Don Jeffries signed a plea
agreement in which he agreed to plead
guilty to one count of mail fraud, pay
restitution in excess of 2.4 million
dollars, and waive his appellate rights
with respect to sentencing. In return,
the government agreed to recommend an
acceptance of responsibility reduction
and to dismiss the remaining five counts
of the indictment. The district court
conducted an extensive Rule 11 colloquy
and then accepted Jeffries' plea. At
Jeffries' sentencing hearing, the
district court again reviewed the
parameters of the plea agreement and then
sentenced him to forty-three months
imprisonment.

  Jeffries does not attempt to appeal his
sentence, as he clearly waived that right
in his plea agreement. Rather, he seeks
to invalidate the entire plea by arguing
that it was not entered into voluntarily
and knowingly. He alleges that his plea
agreement is invalid because he did not
realize that, if he had gone to trial, he
could have appealed any resulting
conviction. Jeffries also asserts that
his trial counsel was ineffective in
failing to attack the plea as invalid. He
thus seeks to withdraw his plea and go to
trial.

At least initially, the parties disputed whether Jeffries had the right to seek judicial review of his plea agreement. We have explained, however, that even where a plea agreement waives a defendant's appellate rights, the defendant is still entitled to appeal if "the agreement is involuntary or otherwise unenforceable." United States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995). The government now recognizes that Jeffries can challenge the voluntariness of his plea, yet asserts that his plea agreement is valid because it was voluntary and "taken in compliance with Rule 11" of the Federal Rules of Criminal Procedure. Id. Because Jeffries did not file a motion to withdraw his guilty plea in the district court, we will review the district court proceedings for plain error. See United States v. Gilliam, 255 F.3d 428, 433 (7th Cir. 2001); United States v. Akinsola, 105 F.3d 331, 333 (7th Cir. 1997).

Prior to accepting a guilty plea, a district court is required to make certain that a defendant is fully informed of his rights and capable of making a decision between the various choices available to him. United States v. Fernandez, 205 F.3d 1020, 1024 (7th Cir. 2000). Rule 11 sets forth detailed guidelines to ensure that a defendant is so informed. "Before accepting a plea of guilty . . . , the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands" six categories of rights that will be affected by the plea. Fed. R. Crim. P. 11(c). With respect to going to trial, the rule requires a court to inform the defendant of:

(3) . . . the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination; and

(4) that if a plea of guilty . . . is accepted by the court there will not be a further trial of any kind, so that by pleading guilty . . . the defendant waives the right to a trial.

Id. at (c)(3), (4). Rule 11 does not, by its terms, require a district court judge

to inform a criminal defendant that if he went to trial and was convicted, he would be able to appeal his conviction. The advisory committee notes recognize that it might be "desirable to inform a defendant of additional consequences which might follow from his plea of guilty" but the decision to do so lies in the judge's discretion. Fed. R. Crim. P. 11 advisory committee's note. This court has never held that a judge must advise a defendant that if he did not plead guilty but instead went to trial and was then convicted, his conviction could be appealed. See, e.g., Wenger, 58 F.3d at 282 (noting that "warnings about waivers of appeal" are not one of the elements required to be included in the Rule 11 colloquy). Nor have we found any other federal circuit court opinions that address the issue. We do not mean to suggest that it would not be prudent for a judge to discuss this issue with the defendant, we simply decline to find that Rule 11 requires such a discussion.

Jeffries does not contend that his Rule 11 colloquy was deficient in any other way, and it seems clear that it was not. The record created at a Rule 11 proceeding is accorded a "presumption of veracity," United States v. Standiford, 148 F.3d 864, 868 (7th Cir. 1998) (quotation omitted), and the record in this case indicates that the district court judge complied with every applicable element of the rule. In sum, there is no indication that Jeffries' guilty plea was not knowing and intelligent.

Thus, we turn to Jeffries' contention that his trial counsel was ineffective for failing to attack the validity of his plea agreement. Defendants are entitled to the assistance of counsel, and that counsel is expected to be reasonably competent. See Strickland v. Washington, 466 U.S. 668, 687-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "A defendant who desires to withdraw his plea because counsel rendered ineffective assistance must show that advice he received 'was not within the range of competence demanded of attorneys in criminal cases' and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different.'" United States v. Gwiazdzinski, 141 F.3d 784, 790

(7th Cir. 1998) (citations omitted); see also Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). Given that judges are not required to inform defendants, during a Rule 11 plea colloquy, that if they went to trial there would be an opportunity to appeal, we find that it was not unreasonable for Jeffries' attorney to not object to the validity of the plea on this basis. Further, the record indicates that counsel performed competently in all other respects, evidenced in part by his ability to secure the dismissal of the money laundering counts (which carried a higher sentence than the mail fraud count) and to negotiate a plea in which the government agreed to recommend an acceptance of responsibility reduction. We thus conclude that Jeffries' counsel was not ineffective.

Because we find Jeffries' plea agreement to be valid, his conviction is AFFIRMED.