**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Pedro LOPEZ–FLORES, Defendant–Appellant.**

No. 01–1834.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2001.*

Decided Dec. 28, 2001.

Before POSNER, MANION, and ROVNER, Circuit Judges.

**ORDER**

Pedro Lopez–Flores (Lopez), a Mexican national, pleaded guilty to being found in the United States without the permission of the Attorney General after he had been deported as a result of an aggravated felony conviction for lewd acts involving children, 8 U.S.C. § 1326(a). Lopez appeals, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes all potential appellate issues are frivolous. Lopez failed to respond to his counsel's brief under our Circuit Rule 51(b); that failure and the facial adequacy of the brief limit our review to the issues counsel identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996). For the reasons stated in this order and in our published opinion issued today, we

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

agree with counsel that all the identified issues would be frivolous, and therefore grant counsel's motion to withdraw and dismiss the appeal.

■ Counsel first considers whether Lopez could challenge the entry of his guilty plea as not knowing and voluntary. Because Lopez did not move to withdraw his plea, we would review such a claim only for plain error, *see United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001), *petition for cert. filed*, (May 16, 2001) (No. 00–10033), but even were we reviewing under the more exacting harmless error standard, *see United States v. Vonn*, 224 F.3d 1152, 1155 (9th Cir.2000) (harmless error standard set forth in Federal Rule of Criminal Procedure 11(h) applies to all Rule 11 errors), *cert. granted*, 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), we would still agree with counsel that the proposed challenges to Lopez's plea would be frivolous. As counsel observes, the court complied with the rule designed to ensure that pleas are knowing and voluntary, *see, e.g., United States v. Wagner*, 996 F.2d 906, 913 (7th Cir.1993). It fully informed Lopez of the rights he relinquished by pleading guilty, *see* Fed. R.Crim.P. 11(c)(3), and Lopez said he understood those rights. The court also ordered the government to explain in detail the factual basis of the charge, *see* Fed. R.Crim.P. 11(f), after which it asked Lopez if the explanation of his acts was accurate and Lopez responded that it was, *see* Fed. R.Crim.P. 11(c)(1). Finally, the court told Lopez of the maximum penalty that this offense carried; Lopez said he understood. *See* Fed.R.Crim.P. 11(c)(1). The only Rule 11 factor the court did not explicitly address was the applicability of the sentencing guidelines, but counsel concludes this oversight was not plain (or even harmless) error because the relevant guidelines were explained in the plea agreement that Lo-pez signed and which the court patiently assured he understood. *See Driver*, 242 F.3d at 771 (holding that defendant's knowledge of information in plea agreement renders inconsequential judge's failure to reiterate that information). Because all Lopez's answers during the plea hearing are presumed truthful, *United States v. Jeffries*, 265 F.3d 556, 558 (7th Cir.2001), and the court's compliance with Rule 11 was satisfactory, we agree with counsel that an appeal regarding whether Lopez's plea was voluntary and knowing would be frivolous.

■ Counsel also considers whether Lopez could appeal the refusal of the district court to grant a downward departure. Counsel points out that Lopez raised only two arguments before the district court in support of his downward departure request. The first was that his status as a deportable alien warranted a departure; the second was that he did not deserve the addition of sixteen offense levels under U.S.S.G. § 2L1.2(b)(1)(A) because his aggravated felony conviction overstated the seriousness of his actions. As the district court noted in considering whether a downward departure was warranted, both of Lopez's arguments have been rejected by this circuit, making an appeal on these grounds frivolous indeed. *See United States v. Gonzalez–Portillo*, 121 F.3d 1122, 1125 (7th Cir.1997) ("Because deportable alien status is an inherent element of the crimes to which [§ 2L1.2] applies, this factor was clearly 'taken into consideration by the Sentencing Commission ...' and was accounted for in the offense levels it established.") (citation omitted); *United States v. Palomino–Rivera*, 258 F.3d 656, 659 (7th Cir.2001) ("[W]e cannot say that a departure tied to the severity of the aggravated felony is a mitigating factor not taken into consideration by the Guidelines."). Furthermore, we generally have jurisdic-

tion to review a discretionary refusal to depart only when it is based on the district court's legally erroneous belief that it did not have the power to depart. *United States v. Hillsman,* 141 F.3d 777, 780 (7th Cir.1998). Because the record shows that the district court understood its discretionary powers, any appeal of the refusal to depart would be not only frivolous but also a jurisdictional impossibility.

For these reasons and those in our published opinion, we GRANT counsel's motion to withdraw and DISMISS Lopez's appeal.