**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donald J. BUZANOWSKI,**
**Defendant–Appellant.**

No. 00–4078.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 1, 2002.

Decided Feb. 1, 2002.

Before COFFEY, MANION, and WILLIAMS, Circuit Judges.

## ORDER

In 2000 Donald Buzanowski pleaded guilty to one count of possession of child pornography, *see* 18 U.S.C. § 2252(a)(4)(B), and was sentenced to 21 months' imprisonment, three years' supervised release, and a $100 special assessment. Buzanowski filed a notice of appeal, but his attorney, finding no nonfrivolous issues for appeal, has moved to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate and Buzanowski has not responded, although he was given the opportunity to do so. *See* Cir. R. 51(b). Therefore, we confine our review to those potential issues identified in counsel's brief. *See United States v. Tabb,* 125 F.3d 583 (7th Cir.1997) (per curiam).

Counsel first evaluates whether Buzanowski could argue that his plea was not knowing and voluntary. Buzanowski did not move to withdraw his plea, so we would review this argument for plain error, *see United States v. Jeffries,* 265 F.3d 556, 558 (7th Cir.2001), but even if we were to apply the more stringent harmless review standard, *see United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000), *cert. granted,* 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), this argument would be frivolous. As counsel notes, the district court carefully followed the requirements of Federal Rule of Criminal Procedure 11 in conducting the plea colloquy. The district court ensured that Buzanowski understood the charge against him, the rights he was waiving by pleading guilty, and the minimum and maximum possible penalties. *See* Fed.R.Crim.P. 11(c). The district court also thoroughly explained the application of the sentencing guidelines and elicited from the government the factual basis of the offense, which Buzanowski confirmed was accurate. *See id.* Therefore, we agree with counsel that any argument that Buzanowski's plea was not knowing and voluntary would be frivolous.

Next, counsel considers whether Buzanowski can challenge the district court's calculations under the sentencing guidelines. At sentencing Buzanowski stated that he concurred with the sentencing calculations in the presentence report, and the district court chose to adopt those calculations. As counsel suggests, Buzanowski waived any challenge to the adoption of these calculations by not objecting, *see United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000), and therefore any potential appeal on this ground would likewise be frivolous.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.