**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William KING, Defendant–Appellant.**

No. 01–30009–001.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 6, 2002.

Decided Feb. 7, 2002.

Before Hon. BAUER, Hon. KANNE, and Hon. DIANE P. WOOD, Circuit Judges.

ORDER

After William King pleaded guilty to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 18 months' imprisonment, he filed a notice of appeal. His appointed counsel, however, seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes all potential appellate issues are frivolous. Counsel's supporting brief is facially adequate and King has not responded, *see* Circuit Rule 51(b), so we limit our review to the potential issues counsel identifies. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir.1996). We agree with counsel that all identified issues would be frivolous, and therefore grant counsel's motion to withdraw and dismiss the appeal.

■ Counsel first considers whether King could challenge his guilty plea as involuntary. Because King did not move to withdraw his plea in the district court, we would review such a claim only for plain error. *See United States v. Driver,* 242 F.3d 767, 769 (7th Cir.), *petition for cert. filed* (May 16, 2001) (No. 00–10033). But even were we reviewing under the more exacting harmless error standard, *see United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000) (harmless error standard set forth in Federal Rule of Criminal Procedure 11(h) applies to all Rule 11 errors), *cert. granted,* 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), we would still agree with counsel that challenges to King's plea would be frivolous. Here, the district court fully complied with the rule designed to ensure that pleas are knowing and voluntary. *See, e.g., United States v. Wagner,* 996 F.2d 906, 913 (7th Cir.1993). After determining that King was competent to enter a plea and that he understood the charge against him, the district court informed King of the rights he was relinquishing by pleading guilty, *see* Fed.R.Crim.P. 11(c)(3); ordered the government to explain the factual basis of the charge, *see* Fed.R.Crim.P. 11(f); told King of the maximum penalties that his offense carried, Fed.R.Crim.P. 11(c)(1); and described the applicability of the sentencing guidelines, *id.* After each of these steps, the court asked King if he understood what had been explained, and King said he did. *See* Fed.R.Crim.P. 11(c). Finally, the court asked King whether he had been forced to plead guilty; King replied that he had not. *See* Fed. R.Crim.P. 11(d). King's statements during the plea colloquy are, of course, presumed truthful. *United States v. Jeffries,* 265 F.3d 556, 558 (7th Cir.2001).

■ Counsel next considers whether King could challenge his prison sentence. First, counsel evaluates whether King could argue that the district court misapplied the guidelines. King told the district court that he had no objections to the court's guidelines calculations, effectively waiving his right to appeal those calculations. *United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). As waiver extinguishes any error and precludes appellate review, *id.,* counsel is correct that an appeal of the calculations would be frivolous. Second, counsel considers and rejects an appeal on the ground that the district court should have reduced King's sentence by more than the six months it did for substantial assistance under U.S.S.G § 5K1.1. We agree with counsel that because we lack jurisdiction to review such claims, *see United States v. Newman,* 148 F.3d 871, 875 n. 2 (7th Cir.1998), an appeal on this ground would also be frivolous. Last, counsel contemplates a constitutional challenge to King's sentence based on the sentencing disparity between crack and powder cocaine. But as counsel notes, this circuit has consistently rejected such challenges. *See, e.g., United States v. Westbrook,* 125 F.3d 996, 1010 n. 16 (7th Cir. 1997) (collecting cases). We agree with counsel that sheer repetition is insufficient to overcome the substantial precedent making an argument on this ground frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.