**332**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darren A. HILL, Defendant–Appellant.**

**No. 01–3115.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 19, 2002.

Decided March 19, 2002.

Before WOOD, Jr., ROVNER,
HEVANS, Circuit Judges.

**ORDER**

In 2001 Darren Hill pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 88 months' imprisonment, three years' supervised release, a $500 fine, and a $100 special assessment. The district court ordered that the prison component run consecutively to a state term Hill was already serving for a probation violation. Hill filed a notice of appeal, but his attorney, believing there are no nonfrivolous issues for appeal, has moved to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Hill was given the opportunity to respond to his attorney's motion, *see* Cir. R. 51(b), but he has not done so. Therefore, we confine our review to those potential issues identified in counsel's facially-adequate brief. *See United*

*States v. Tabb,* 125 F.3d 583 (7th Cir.1997) (per curiam).

Counsel first evaluates whether Hill could argue that his plea was not knowing and voluntary. Hill did not move to withdraw his plea, so we would review this argument for plain error. *See United States v. Vonn,* —— U.S. ——, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). This argument would be frivolous, however, because the district court carefully conducted the plea colloquy in accordance with Federal Rule of Criminal Procedure 11. The district court explained to Hill the charge against him, the rights he was waiving by pleading guilty, and the minimum and maximum possible penalties. *See* Fed. R.Crim.P. 11(c). The district court also elicited from the government the factual basis establishing the elements of the offense, and Hill agreed those facts were accurate. At all times during the plea colloquy, Hill stated that he understood the questions posed by the court and the consequences of the answers he gave, and his statements are presumed truthful. *See United States v. Jeffries,* 265 F.3d 556, 558 (7th Cir.2001). Therefore, we agree with counsel that any appeal based on Hill's plea not being knowing and voluntary would be frivolous.

Next, counsel considers whether Hill could challenge his prison term. We first note, however, that Hill did not object at sentencing to the calculations contained in the presentence report and therefore waived any challenge to the adoption of those calculations. *See United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). Moreover, the district court determined that Hill's long criminal history necessitated a consecutive prison term. *See* U.S.S.G. § 5G1.3. And Application Note 6 to § 5G1.3 provides that a defendant like Hill, who was on state probation at the time he committed the federal offense and

subsequently has had the state probation revoked, should have his federal sentence "imposed to run consecutively to the term imposed for the violation of probation." In light of the "strong presumption in favor of consecutive sentencing" that applies in this context, *see United States v. Walker*, 98 F.3d 944, 945 (7th Cir.1996), we find that any challenge to consecutive nature of Hill's prison term would likewise be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.