**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2006
Decided June 27, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2991

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

    *v.*

BARRON NEAL,
    *Defendant-Appellant.*

Appeal from the United States District
Court for the Northern District of
Illinois, Eastern Division

No. 04-CR-24-1

Ronald A. Guzmán,
*Judge.*

# O R D E R

Barron Neal pleaded guilty in accordance with a plea agreement to one count of dealing at least 50 grams of crack, *see* 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and was sentenced to the minimum statutory sentence of 10 years' imprisonment. In the plea agreement, Neal recites that he:

> knowingly waives the right to appeal any sentence within the
> maximum provided in the statute of conviction (or the manner in
> which that sentence was determined) . . . [except] a claim of
> involuntariness, or ineffective assistance of counsel, which relates
> directly to this waiver or to its negotiation.

Neal filed a notice of appeal, but his appointed counsel perceives only frivolous arguments and therefore moves to withdraw under *Anders v. California*, 386 U.S.

738 (1967). We gave Neal the opportunity to respond to counsel's motion under Circuit Rule 51(b), but he did not do so in the allotted time. We therefore limit our review to the potential issues counsel identifies in his facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel informs us that Neal wants his guilty plea set aside, and so has considered whether he could contend that the plea was involuntary because the district judge botched the colloquy. But Neal did not move to withdraw his guilty plea in the district court, so we would review the colloquy under the plain-error standard. *United States v. Vonn*, 535 U.S. 55 (2002). We agree with counsel that any challenge to Neal's plea would be frivolous because the colloquy substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. See *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002). The court informed Neal of his right to plead "not guilty," explained the associated rights, and confirmed an adequate factual basis. Fed. R. Crim. P. 11(b)(1)(B)-(F), (b)(3). The court also informed Neal of the nature of the charge, the possible penalties he faced, the effect of supervised release, and the application of the sentencing guidelines to his case. Fed. R. Crim. P. 11(b)(1)(G)-(I), (M). Last, the court ensured that Neal was not pleading under perceived pressure or coercion from the government, Fed. R. Crim. P. 11(b)(2), explained to him that his sworn testimony at the plea hearing could be used against him in a future perjury prosecution, Fed. R. Crim. P. 11(b)(1)(A), and explained the effect of the appellate waiver in his plea agreement on his right to appeal or otherwise attack his sentence, Fed. R. Crim. P. 11(b)(1)(N).

Review of his sentence is foreclosed unless Neal could successfully challenge the validity of his appeal waiver, and the adequacy of the plea colloquy assures that he cannot. *See United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001); *United States v. Jeffries*, 265 F.3d 556, 557 (7th Cir. 2001). Regardless, a challenge to the waiver would be a futile undertaking (whether on the grounds left open by the waiver or not) because Neal's sentence is the minimum sentence the judge was authorized to impose. *See* 21 U.S.C. § 841(b)(1)(A)(iii).

Counsel's motion to withdraw is GRANTED, and this appeal is DISMISSED.