106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell BUNDY, Defendant-Appellant.
 No. 96-2141.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1996.
Decided Jan. 8, 1997.
 
 Before BAUER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 This case is before the court on the government's motion to dismiss Bundy's appeal as well as Bundy's attorney's motion to withdraw as counsel on the ground that an appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967). Bundy entered into a plea agreement whereby he pleaded guilty to one count of interference with commerce by threats or violence, 18 U.S.C. § 1951, and one count of bank robbery, 18 U.S.C. § 2113. Under the terms of the agreement, Bundy waived his right to appeal his sentence for any reason or to attack his sentence in a post-conviction proceeding.
 
 
 2
 Following the court's accepting Bundy's guilty plea, imposing sentence, and entering judgment, Bundy filed a timely notice of appeal. He did so pro se. The government responded on May 16, 1996 with a motion to dismiss the appeal based upon the terms of the plea agreement. The defendant failed to file a response to this motion as directed by this court. In response to a rule to show cause as to why disciplinary action should not be taken due to Bundy's attorney's failure to file a response (on Bundy's behalf) to the government's May 16 motion, Bundy's attorney filed a motion to withdraw, citing a conflict with his client. On June 25, 1996, we granted counsel's motion to withdraw and stated that new counsel would be appointed. On that same date we stated that the government's motion to dismiss would be considered by the merits panel.
 
 
 3
 A new attorney was appointed to represent Bundy. He subsequently filed a motion to withdraw as counsel. He filed an accompanying brief in which he stated that there were no non-frivolous issues to be decided on appeal. Pursuant to Circuit Rule 51(a) this court notified Bundy of his right to respond to his attorney's motion. Bundy has failed to do so. In his brief, Bundy's attorney noted that the appeal should not be dismissed based upon the terms of the plea agreement, because even though Bundy waived his right to appeal his sentence, he did not waive his right to appeal generally. Counsel noted, however, that although Bundy had not waived his right to appeal in its entirety, there was no non-frivolous basis for appeal in that the record made clear that Bundy entered his plea knowingly and voluntarily. Moreover, there was a factual basis for his plea. See Fed.R.Crim.P. 11.
 
 
 4
 Bundy has not asked, in either this court or the district court, to withdraw his guilty plea. We, therefore, will not presume that he wants to do so. As far as Bundy's sentence, Bundy clearly agreed to waive any right to appeal the sentence. Plea agreements in which defendants agree to waive their right to appeal are enforceable as long as the defendant knowingly and voluntarily entered into the agreement. United States v. Wenger, 58 F.3d 280, 281-82 (7th Cir.), cert. denied, 116 S.Ct. 349 (1996). As such, there is no non-frivolous basis on which Bundy can appeal either his conviction or sentence.
 
 
 5
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED AS FRIVOLOUS. The government's motion to dismiss the appeal is DISMISSED AS MOOT.