165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee.
v.
Fanond BURNETT, Defendant-Appellant,
 No. 98-1254.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1998.*
Decided Oct. 27, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. No. 2:97 CR 44 JM. James T. Moody, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Fanond Burnett pleaded guilty to one count of possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Burnett to 70 months of incarceration, four years of supervised release and a $2,000 fine. Burnett filed a timely notice of appeal. He seeks to appeal only his sentence. However, his attorney has filed a motion to withdraw and to dismiss the appeal because, in her opinion, there are no non-frivolous grounds for appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In accordance with Circuit Rule 51(a), Burnett was notified of his attorney's position and was given an opportunity to respond. He has not done so. We grant counsel's motion and dismiss the appeal.
 
 
 2
 As part of his plea agreement, Burnett waived his right to appeal his sentence on any ground. Defendants may waive their right to appeal as part of a plea agreement, and we consistently have upheld valid appeal waivers and dismissed appeals brought by defendants bound by such waivers. See United States v. Wooley, 123 F.3d 627, 631 (7th Cir.1997) (citing cases). For an appeal waiver to be valid, it "must be express and unambiguous." Id. at 632 (citation omitted). When set out in writing and signed, most waivers are effective. United States v. Wenger, 58 F.3d 280, 282 (7th Cir.1995). Burnett signed a plea agreement waiving his right to appeal as long as the district court imposed a sentence within the statutory maximum. Specifically, the plea agreement states:
 
 
 3
 I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense.... With that understanding, I expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255.
 
 
 4
 The sentence imposed was within the maximum allowed.
 
 
 5
 We have held that the validity of a waiver of appeal rights depends upon the validity of the entire plea agreement. Wooley, 123 F.3d at 632. We do not require the district court to conduct a specific dialogue with the defendant regarding the waiver as part of the Fed.R.Crim.P. 11 colloquy as long as the record contains sufficient evidence for this court to determine that the defendant knowingly and voluntarily waived his right to appeal. Id. In this case, not only did the district court ensure that Burnett was pleading guilty knowingly and voluntarily, but the judge also reviewed the terms of the plea agreement with him. That review included the judge asking Burnett, not once, but twice, if he understood that he was relinquishing his right to appeal his sentence. Both times Burnett responded in the affirmative.
 
 
 6
 Thus, having waived his appeal rights, Burnett is precluded from appealing his sentence. Any attempt to do so, then, necessarily would be frivolous. Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(e); Cir. R. 34(f)