**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Deshelon HICKS, Defendant–Appellant.**

**No. 01–2919.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 7, 2002.

Decided March 8, 2002.

Before COFFEY, MANION,
WILLIAMS, Circuit Judges.

**ORDER**

Deshelon Hicks pleaded guilty pursuant to a written plea agreement to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841. In exchange for his guilty plea, the government among other concessions agreed to dismiss three additional charges (two for crack distribution and one for firearm possession), and to consider moving for a substantial-assistance downward departure. Ultimately the government did move for a downward departure, which the district court granted by effectively allowing Hicks the equivalent of a four-level decrease in offense level. The court then sentenced him to 135 months' imprisonment and 3 years' supervised release. Hicks' plea agreement contains an express waiver of his right to appeal his sentence, but he nonetheless filed a notice of appeal. Hicks' counsel now seeks to withdraw because he is unable to identify a non-frivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Hicks did not respond to counsel's motion, *see* Cir. R. 51(b), and since counsel's brief is facially adequate we limit our review to the potential issues counsel identifies. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

Counsel considers whether Hicks could challenge his sentence, but concludes that any such challenge would be frivolous because Hicks waived his right to appeal his sentence in his plea agreement. We agree with counsel. Defendants may waive their right to appeal, *United States v. Hare,* 269 F.3d 859, 860 (7th Cir.2001), and we will enforce a waiver if (1) its terms are clear and unambiguous, and (2) the record demonstrates that it was entered into knowingly and voluntarily, *United States v. Woolley,* 123 F.3d 627, 632 (7th Cir.1997); *see also United States v. Wenger,* 58 F.3d 280, 282 (7th Cir.1995) (waivers of appeal must "stand or fall" with the agreements of which they are part; if the agreement is voluntary and in compliance with Federal Rule of Criminal Procedure 11, the appeal waiver will be honored). Here, Hicks' sen-

tencing-appeal waiver, paragraph 9(g) of his plea agreement, is unambiguous:

> I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines. I am also aware that a sentence imposed under the Guidelines does not provide for parole. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth above in paragraph 9(c) of this plea agreement. With that understanding, *I expressly waive my right to appeal my sentence on any ground,* including any appeal right conferred by Title 18, United States Code, Section 3742.

(emphasis added). And, the record shows that Hicks knowingly and voluntarily agreed to this waiver. Indeed, as required by Rule 11(c)(6), the district court ensured that Hicks understood the ramifications of this clause. For instance, the court warned him that "when you give up your right to appeal or collaterally attack your sentence, with very few exceptions, I'm the last judge you're going to see in this case" and asked him whether he understood that as a result he would be "stuck with" the sentence he received. Hicks assured the court he understood, that he had discussed this waiver with his lawyer, and that he was waiving his appellate rights knowingly and voluntarily. We presume Hicks' representations to be true. *See Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir. 2000).

Because the appeal waiver "stands or falls" with the rest of the plea agreement, *see Wenger,* 58 F.3d at 282, counsel also discusses whether Hicks might mount a non-frivolous challenge to the validity of his guilty plea. In this regard, however, counsel notes that the district court conducted a thorough Rule 11 colloquy with Hicks to ensure that his guilty plea was voluntary. Our review of the plea hearing transcript confirms that the district court

substantially complied with Rule 11's mandates: the district court questioned Hicks to ensure that he understood the charges against him, the possible penalties he faced, the meaning of the plea agreement's terms, and the rights he was forfeiting by pleading guilty. *See* Fed.R.Crim.P. 11(c). The court also asked him whether his plea was the result of any threats or promises outside of the agreement, *see* Fed.R.Crim.P. 11(d), to which he replied that it was not. Finally, based on Hicks' testimony at the plea hearing, the district court was satisfied that a factual basis existed for the plea. *See* Fed.R.Crim.P. 11(f). Accordingly, any effort by Hicks to challenge his guilty plea would also be frivolous.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.