**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John B. ALLEN, Defendant–Appellant.**

No. 00–3151.

United States Court of Appeals,
Seventh Circuit.

Submitted April 26, 2002.

Decided April 29, 2002.

Rehearing and Rehearing En Banc
Denied June 6, 2002.

Before COFFEY, MANION, and WILLIAMS, Circuit Judges.

ORDER

In August 1997 John Allen pleaded guilty pursuant to a written plea agreement to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and one count of conspiracy to launder money in connection with drug trafficking in violation of 18 U.S.C. § 1956(h). In exchange for his guilty plea and his cooperation in other investigations, the government agreed, among other concessions, to dismiss three additional drug distribution charges and to move for a substantial-assistance downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. After a full Rule 11 hearing, the district court accepted Allen's plea. Shortly thereafter, however, the government and Allen's trial counsel filed a joint motion signed by Allen to amend the written plea agreement. This amendment purported to relieve the government of its obligation under the plea agreement to seek a departure below the ten-year statutory minimum sentence. The district court allowed the amendment without conducting another change of plea hearing. In November 1998 the district court sentenced Allen to thirteen years' imprisonment on each count, to be served concurrently, and five years' supervised release on the drug conspiracy count to be served concurrently with a three-year term on the money laundering count. The district court also imposed a $5,000 fine and a $200 assessment. The district court later entered a preliminary order of forfeiture.

Allen then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In that motion he primarily at-

tacked the validity of the amendment to his plea agreement and argued that the government breached the original agreement by failing to file a § 3553(e) motion pursuant to that amendment. Allen, however, represented to the court that he did not want to withdraw his guilty plea. In August 2000 the district court granted Allen's § 2255 motion. The government then moved to depart as called for by the original plea agreement. The district court granted that motion and resentenced Allen under the original agreement to a prison term of 119 months, just under ten years. The other terms of Allen's sentence remained the same.

Allen now appeals from the resentencing, and his appointed counsel seeks to withdraw because he considers all possible grounds for appeal frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Allen has responded to counsel's motion, *see* Cir. R. 51(b), and counsel's brief is facially adequate, so we limit our review of the record to the issues counsel and Allen discuss. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

■ Counsel first considers whether Allen could mount a non-frivolous challenge to the validity of his August 1997 guilty plea. Upon our review of the plea hearing transcript, we agree with counsel that the district court substantially complied with Rule 11's mandates when taking Allen's plea. The district court questioned Allen to ensure that he understood the charges against him, the possible penalties he faced, and the rights he was forfeiting by pleading guilty. *See* Fed.R.Crim.P. 11(c). In addition, the court read through each paragraph of the plea agreement with Allen, and Allen assured the court that he understood its terms. The court also asked him whether his plea was the result of any threats or promises outside of the

agreement, *see* Fed.R.Crim.P. 11(d), to which he replied that it was not. Finally, the district court satisfied Rule 11(f) by requiring the government to explain the factual basis for its case, which Allen affirmed. *See Arango–Alvarez v. United States,* 134 F.3d 888, 893 (7th Cir.1998). More importantly Allen has affirmatively renounced any desire to challenge his guilty plea and lose the benefits of his original plea agreement. Accordingly, we agree with Allen's counsel that any effort to challenge the guilty plea now would be frivolous.

Counsel next considers whether Allen could challenge his sentence, but concludes that any such challenge would be frivolous because Allen waived his right to appeal his sentence in the original plea agreement. We will enforce this waiver if (1) its terms are clear and unambiguous, and (2) the record demonstrates that it was entered into knowingly and voluntarily. *United States v. Woolley,* 123 F.3d 627, 632 (7th Cir.1997); *see also United States v. Wenger,* 58 F.3d 280, 282 (7th Cir.1995) (waivers of appeal must "stand or fall" with the agreements of which they are part; if the agreement is voluntary and in compliance with Federal Rule of Criminal Procedure 11, the appeal waiver will be honored). Here, Allen's sentencing-appeal waiver, paragraph 9(f) of his plea agreement, is unambiguous:

> I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines. I am also aware that a sentence imposed under the Guidelines does not provide for parole. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth above in paragraph 9(b) of this plea agreement. With that understanding, *I expressly waive my right to appeal my sentence*

*on any ground,* including any appeal right conferred by Title 18, United States Code, Section 3742.

(emphasis added). The district court reviewed this provision with Allen during the plea colloquy, and Allen confirmed that he understood that he was waiving his appeal rights by agreeing to the provision. We presume Allen's representations to be true. *See Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir.2000).

■ Counsel also addresses whether Allen could nonetheless raise a non-frivolous sentencing challenge. Counsel correctly observes that Allen's sentence falls well below the statutory maximum sentence for his offenses, which was life imprisonment (he admitted responsibility for at least 31 kilograms of cocaine, *see* 21 U.S.C. § 841(b)(1)(A)), and that nothing in the record suggests that the district court relied on any impermissible factor at the resentencing. Moreover, counsel notes that Allen did not object to the PSR or his offense level calculation at the resentencing despite being given the opportunity to do so. He therefore has waived any challenge to those calculations. *See United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). And although Allen raised two objections to the government's departure motion at resentencing, the district court resolved those objections in Allen's favor. Thus, we agree with counsel that any challenge to Allen's sentence would be frivolous.

Allen's response to counsel's brief does not alter our conclusions. Allen primarily contends that the amendment to his plea agreement "tainted" the validity of the original plea agreement and rendered his guilty plea "legally void." This contention is frivolous. Allen did not seek to withdraw his guilty plea as a result of the improper amendment. To the contrary, at the August 2000 hearing on his § 2255 motion, Allen represented that he knowingly and voluntarily entered into the original plea agreement and that he was *not* seeking to set it aside:

> THE COURT: [O]n August 26, you appeared in front of me, and we went over that plea agreement, did we not?
>
> ALLEN: Yes, we did.
>
> THE COURT: And it's that plea agreement that you knowingly entered into, correct?
>
> ALLEN: Yes.
>
> THE COURT: And you are not now wanting to set that aside, correct?
>
> DEFENDANT: I'm trying to claim it as breach, sir. No, I'm not setting it aside.
>
> THE COURT: It's not your intent for the Court to find that you did not knowingly enter into the agreement set forth in the petition filed with this Court on August 25, 1997, true?
>
> DEFENDANT: That's true.

Given his sworn testimony in the § 2255 proceeding, Allen cannot now make a non-frivolous claim that his guilty plea was involuntary or that the district court improperly reinstated the original plea agreement. *See Bridgeman,* 229 F.3d at 592. Nor can Allen show that he was deprived of any of the benefits of his original plea bargain. *See United States v. Warda,* 285 F.3d 573 (7th Cir.2002). At the § 2255 hearing, Allen also testified that when he entered into the original plea agreement, he understood that his prison sentence would be less than 10 years if the court accepted the agreement and the government's departure motions. The district court's 119–month sentence was consistent with that expectation.

■ Finally, Allen argues that the district court should have recused itself from

conducting his resentencing pursuant to 28 U.S.C. § 455. Even assuming that his recusal argument has been properly preserved for appeal, it would be frivolous. Aside from Allen's disagreement with some of the district court's rulings, Allen points to no specific evidence of bias or impartiality, and our review of the record reveals none.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal. Additionally, we DENY Allen's motion to waive counsel, and DENY the government's motion to dismiss as moot.