**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andrezej FIEDOR, Defendant–**
**Appellant.**

**No. 02–1663.**

United States Court of Appeals,
Seventh Circuit.

Nov. 20, 2002.

Before Hon. COFFEY, Hon. EASTERBROOK, and Hon. MANION, Circuit Judges.

ORDER

Andrezej Fiedor pleaded guilty to receiving and possessing merchandise that he knew was stolen from an interstate shipment, in violation of 18 U.S.C. § 659. The district court sentenced Fiedor to 51 months in prison. Fiedor's appointed counsel now moves to withdraw under *An-ders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to identify a nonfrivolous issue for appeal. Because Fiedor declined our invitation to file a response, *see* Circuit Rule 51(b), and counsel's *Anders* brief is facially adequate, we limit our review of the record to the potential issues identified in the brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

Counsel first examines whether Fiedor might argue that the trial court failed to comply with Fed.R.Crim.P. 11 in accepting his guilty plea, but we note that Fiedor apparently has expressed no desire to challenge his guilty plea either in the district court or before this court. Accordingly, it is unnecessary to consider whether arguments to that end might be available. *United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

Counsel next considers whether Fiedor could pursue any nonfrivolous challenge to his sentence. Counsel considers whether Fiedor might argue that the district court erred in determining his offense level, in calculating his criminal history category, or in denying his request for a downward departure. Fiedor's plea agreement contains a waiver of appeal that is binding so long as his sentence was within the maximum allowed by statute, which it is. A waiver of appeal is valid and enforceable if it is express and unambiguous. *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir.2000); *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir.1995). Here, Fiedor's plea agreement clearly set forth the wavier, the district court explained that waiver to Fiedor during the plea colloquy, and Fiedor acknowledged that he understood. Fiedor's waiver of appeal was therefore valid, and any attempt to challenge his sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.