**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daniel KERN, Defendant–Appellant.**

**No. 03–1774.**

United States Court of Appeals, Seventh Circuit.

Argued Aug. 5, 2003.

Decided Aug. 6, 2003.

Before EASTERBROOK, ROVNER, and DIANE P. WOOD, Circuit Judges.

### Order

Daniel Kern pleaded guilty to wire fraud. 18 U.S.C. § 1343. His plea agreement permitted him to seek a low sentence from the district judge but added that, so long as the judge imposed a sentence within the statutory maximum, Kern was relinquishing any right to file an appeal or a collateral attack. When Kern committed his offense, the statutory maximum was five years' imprisonment, and the sentence of 24 months is well short of that limit. Kern nonetheless filed this appeal. He contends that the district judge miscalculated the loss caused by his fraud and that the sentence thus exceeds a properly-determined range under the Sentencing Guidelines.

This is precisely the sort of argument Kern agreed not to make, and a litigant is bound by formal waivers. As long as the plea was voluntary, a waiver of appeal must be enforced; a defendant is not entitled to the benefits of the agreement while avoiding the detriments. See, e.g., *United States v. Wenger*, 58 F.3d 280 (7th Cir. 1995). Kern contends that the waiver of appeal was improper because it was not accompanied by warnings beyond those required by Fed.R.Crim.P. 11. This argument is unavailing for two reasons: First, *Wenger* held that district judges need not conduct special proceedings or provide extra information with respect to waivers. 58 F.3d at 282; see also, e.g., *United States v. Jeffries*, 265 F.3d 556, 558 (7th Cir.2001); *United States v. Agee*, 83 F.3d 882, 884 (7th Cir.1996). (Rule 11(b)(1)(N), which became effective on December 1, 2002, does not apply to this case; Kern entered his plea in July 2002.) Second, Kern's lawyer made it clear at oral argument that he does not seek to have the *plea* set aside but wants to maintain its benefits (such as the three-level deduction for acceptance of responsibility and a negotiated limit to the length of the period during which loss would be ascertained) while avoiding a particular provision. That is precisely what *Wenger* and other decisions foreclose: as long as the plea stands, all of its clauses must be enforced. E.g., *United States v. Whitlow*, 287 F.3d 638 (7th Cir.2002); *United States v. Behrman*, 235 F.3d 1049 (7th Cir.2000). By informing the court at oral argument that he wants to keep his guilty plea in place, Kern has cut off any challenge to the precise sentence.

This makes it unnecessary to consider appellate counsel's attack on the quality of legal work his client received in the district court. Kern may file a collateral attack under 28 U.S.C. § 2255 if he believes that he received constitutionally ineffective assistance of counsel. See *Massaro v. United States*, ── U.S. ──, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). But he must recognize that, to surmount the waiver in the plea agreement, he must show that the entire agreement is constitutionally invalid. Neither on direct appeal, nor on collateral attack, may Kern enjoy benefits under the agreement while avoiding the detriments. See *United States v. Hare*, 269 F.3d 859 (7th Cir.2001).

The appeal is dismissed on the basis of the waiver in the plea agreement.