**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alfred SCOTT Defendant–Appellant.**

**No. 02–4116.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 3, 2003.

Decided Dec. 9, 2003.

Greggory R. Walters, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Alfred Scott, Federal Correctional Institution, Greenville, IL, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

### ORDER

Alfred Scott pleaded guilty pursuant to a written plea agreement to one count of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Scott to 292 months' imprisonment followed by eight years of supervised release, and imposed a $100 special assessment. Scott filed a timely notice of appeal, but his appointed appellate counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes Scott's appeal is frivolous. Counsel's brief is facially adequate, and so we limit our review to the potential issues identified in the brief and in the response that Scott filed under Circuit Rule 51(b). *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

In July 2001 a confidential informant working with federal agents purchased crack from Scott on two separate occasions. Scott was charged with two counts of distribution of crack cocaine and executed a written plea agreement in which he admitted distributing 16.4 grams of crack (2.9 grams for Count One and 13.5 for Count Two). The agreement provided that in exchange for concessions by the government (including dropping Count One of the indictment) Scott would waive the right to appeal his sentence "on any ground" (unless the prison term exceeded the statutory maximum or, absent an upward departure, the guideline range). After hearing testimony at sentencing about Scott's drug sales during 2001, the district court attributed to Scott as relevant conduct 61,878 kilograms of marijuana (the weight of the crack and powder cocaine converted to a marijuana equivalent), making Scott's base offense level 38. The court subtracted

three levels for Scott's acceptance of responsibility, producing a total offense level of 35, that when combined with Scott's criminal history category of VI produced a sentencing range of 292 to 365 months' imprisonment.

Counsel first considers whether Scott could argue that his guilty plea was not entered knowingly and voluntarily because the district court failed to comply with Federal Rule of Criminal Procedure 11. *See United States v. Schuh,* 289 F.3d 968, 975 (7th Cir.2002). Although counsel covers this ground because Scott "equivocated" when counsel asked if he wished to withdraw the plea, Scott now says in his Rule 51(b) response that he does not want his plea set aside. It is thus unnecessary for counsel to evaluate whether Scott's guilty plea was knowing and voluntary. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002).

■ Nonetheless, Scott proposes arguing that the district court violated Rule 11 (the 2002 version in force when Scott entered his plea) by failing to inform him that under the Sentencing Guidelines his term of imprisonment would be lengthened because of uncharged drug amounts factored in as relevant conduct. *See* U.S.S.G. § 1B1.3. Scott's argument would be frivolous because he does not want the relief—withdrawal of his plea—that a victory would provide. Even if we set that shortcoming aside, the district court complied with Rule 11 (as relevant here) by informing Scott of the potential mandatory minimum terms of imprisonment and supervised release and the corresponding statutory maximums. *See* Fed.R.Crim.P. 11(c)(1) (2002); *United States v. Padilla,* 23 F.3d 1220, 1223 (7th Cir.1994). And the court specifically advised Scott that it would calculate his sentence based on information contained in his presentence report, and that his guideline range could not be determined until after the report

was received. *See United States v. Blalock,* 321 F.3d 686, 689 (7th Cir.2003). The court also ensured that Scott understood that even if the resulting guideline range differed from what he had discussed with counsel, he could not withdraw his guilty plea. Given Scott's sworn testimony that he understood this concept, he cannot now make a nonfrivolous argument to the contrary. *See Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir.2000).

■ Counsel also considers whether Scott could attack his sentence, but concludes that Scott's waiver of his right to appeal would preclude such an attack. We will uphold Scott's waiver if we find it was express and unambiguous, and if the sentence imposed did not exceed the statutory maximum or result from the district court's reliance on a constitutionally impermissible factor such as Scott's race. *E.g., Jones v. United States,* 167 F.3d 1142, 1144 (7th Cir.1999). Scott signed the written plea agreement expressly incorporating the appeal waiver, and when the district court reviewed the provision with Scott during the plea colloquy, Scott assured the court that he was waiving his appellate rights knowingly and voluntarily. *See Schuh,* 289 F.3d at 975 (responses given at Rule 11 colloquy presumed truthful). And because Scott does not seek to withdraw his guilty plea, he cannot raise a piecemeal challenge to the waiver provision it contains. *See United States v. Behrman,* 235 F.3d 1049, 1051 (7th Cir. 2000); *United States v. Wenger,* 58 F.3d 280, 283 (7th Cir.1995). Finally, Scott's sentence of 292 months' imprisonment and eight years of supervised release falls within the statutory maximums (triggered by Scott's prior felony drug conviction) of life for both imprisonment and supervised release, *see* 21 U.S.C. § 841(b)(1)(B)(iii), and neither Scott nor counsel points to anything in the record suggesting that the

district court relied on a constitutionally impermissible factor. Thus, we agree with counsel that a challenge to Scott's sentence would be frivolous because he waived his right to appeal it.

 Scott, however, claims that the waiver is invalid because the government breached a separate provision in the plea agreement. Specifically, Scott thinks that the government "stipulated" in the agreement that his sentence would be based only on 13.5 grams of crack (the amount he sold during the second controlled buy). This argument would be frivolous. First, by waiving his right to appeal his sentence "on any ground," Scott agreed that the district court would have the last word concerning any claim that the government breached the plea agreement before judgment. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir.2002); *United States v. Hare*, 269 F.3d 859, 862 (7th Cir.2001). Moreover, Scott's plea agreement contains no promise setting 13.5 grams of crack as the outer limit of his exposure for sentencing purposes.

Finally, the appeal waiver also renders the remainder of Scott's proposed arguments—all challenges to his sentence—frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.