**UNITED STATES of America Plaintiff–Appellee,**

v.

**Lucio CUENCA–GUTIERREZ, Defendant–Appellant.**

No. 03–2594.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2003.

Decided Dec. 23, 2003.

---

\* The plaintiff misidentified the defendant in the district court as "Maximus Staff," however, it is correctly identified on appeal as "Maximus, Inc."

\*\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

John J. Scully, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Lucio Cuenca–Gutierrez, pro se, Federal Correctional Institution, Fort Dix, NJ, for Defendant–Appellant.

Before POSNER, COFFEY, and KANNE, Circuit Judges.

## ORDER

While processing Lucio Cuenca–Gutierrez for service of an Illinois prison sentence, the Illinois Department of Corrections discovered that he was not residing legally in the United States. He was transferred to INS custody, investigated by Special Agent Tino Gonzales, and ultimately charged with being in the United States illegally after having been deported following conviction for an aggravated felony, 8 U.S.C. § 1326(a), (b)(2). He pled guilty pursuant to an agreement and was sentenced to 64 months' imprisonment. Cuenca–Gutierrez filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she is unable to find a nonfrivolous issue for appeal. Pursuant to Circuit Rule 51(b), Cuenca–Gutierrez was invited to respond to his counsel's motion to withdraw, but he declined. Because counsel's brief is facially adequate, we limit our review of the record to those potential issues identified in it. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that an appeal on the potential issues would be frivolous and therefore grant the motion to withdraw and dismiss Cuenca–Gutierrez's appeal.

Cuenca–Gutierrez originally entered the United States without permission in 1981. After being convicted in Illinois of two counts of voluntary manslaughter and one count of aggravated battery, he was deported to Mexico. He reentered the United States illegally, and after being convicted of possessing six sawed-off shotguns in violation of 26 U.S.C. § 5861, he was deported again. Once more he reentered illegally, and in May 2002 he was convicted in Illinois of felony possession of a firearm. When the Illinois Department of Correc-

tions was processing him for service of his sentence, his illegal-alien status was discovered. Illinois transferred him to the custody of the Immigration and Naturalization Service. In an interview with Agent Gonzales, Cuenca–Gutierrez admitted his prior convictions and deportations and that he did not have permission to be in the United States currently.

Cuenca–Gutierrez pled guilty pursuant to a written agreement, which included a waiver of his right to appeal his sentence. He and the government agreed on his offense level and criminal history category. The parties also agreed that Cuenca–Gutierrez deserved a three-level reduction for acceptance of responsibility. The district court sentenced him accordingly.

Counsel first contemplates challenging Cuenca–Gutierrez's guilty plea as not knowing or voluntary. Counsel informs us, however, that Cuenca–Gutierrez does not want to withdraw his guilty plea, and, as a result, a challenge to the plea should neither be raised on appeal nor explored in an *Anders* submission. *United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002).

Counsel next considers whether a challenge to the sentence would provide a basis for appeal. Counsel notes that Cuenca–Gutierrez explicitly waived his right to appeal his sentence, so he retains only the right to argue that (1) the court relied on an impermissible factor such as race when sentencing him; (2) his sentence exceeds the statutory maximum; or (3) his waiver was involuntary. *United States v. Sines,* 303 F.3d 793, 798 (7th Cir.2002). Counsel notes that there is no suggestion that the court relied on impermissible factors and that Cuenca–Gutierrez's sentence of 64 months falls far below the statutory maximum of 20 years set out in 8 U.S.C. § 1326(b)(2). Regarding a challenge to the voluntariness of the waiver, counsel correctly notes that a waiver is inextricably tied with the plea agreement; if the plea agreement and plea are voluntary, the waiver is also voluntary. *United States v. Wenger,* 58 F.3d 280, 282 (7th Cir.1995). Because Cuenca–Gutierrez does not wish to challenge the voluntariness of his plea, he cannot raise a piecemeal challenge to the waiver provision. *Id.* at 283 ("It is inappropriate to take a blue pencil to the agreement.").

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.