UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 10, 2006[*]
Decided April 13, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1358

| | |
|---|---|
| JOHN B. ALLEN,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Northern District of<br>Indiana, Fort Wayne Division |
| *v.* | |
| | No. 2:02-CV-320 |
| THOMAS A. GIBBONS, et al.,<br>    *Defendants-Appellees.* | William C. Lee,<br>*Judge.* |

**O R D E R**

John B. Allen is before us a third time arguing that his constitutional rights were violated during his criminal prosecution on drug and money-laundering charges.  Allen pleaded guilty to two of five counts pursuant to a written agreement, and in November 1998 he was sentenced to a total of 156 months in prison.  Later he moved under 28 U.S.C. § 2255 to vacate or correct his sentence; he claimed that the government had breached a promise to seek a reduced sentence under U.S.S.G. § 5K1.1 for substantial assistance, and that after the plea colloquy his lawyers and

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

the government had filed an unauthorized "joint amendment" to the plea agreement that increased the agreed maximum prison sentence and gave the government leeway to limit any downward departure to the 10-year statutory minimum that otherwise would apply to the drug count. The government conceded that Allen should have been questioned about the amendment in open court before it was accepted. Allen, though, did not want his guilty pleas set aside, so the district court resentenced him under the terms of the original plea agreement. This time the government moved for a downward departure, and in August 2000 the court imposed a total term of 119 months. Allen appealed, but we allowed counsel to withdraw and dismissed the case. *United States v. Allen*, 39 F. App'x 354 (7th Cir. 2002) (unpublished). In particular we rejected Allen's *pro se* argument that the amendment to his plea agreement "tainted" the original agreement and rendered his pleas "legally void"; like counsel, we concluded that Allen's reaffirmation of the original agreement during the § 2255 proceedings would render frivolous any attempt to challenge that agreement or his guilty pleas. *See id.* at 356-57. Allen then filed another § 2255 motion, but the district court concluded—as did we—that relief was unavailable because he was attempting to challenge aspects of his plea agreement and sentence that should have been raised in his first § 2255 motion. *See Allen v. United States*, No. 05-1845 (7th Cir. Jun. 13, 2005) (unpublished order).

In his current lawsuit, rather than attacking his convictions and sentences directly, Allen seeks damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Allen alleges that the three defense attorneys who represented him in his criminal case conspired with the prosecutor, a DEA agent, and the regional counsel of the Bureau of Prisons to deny him his rights to counsel, due process, equal protection, and access to the courts. The district court, in two comprehensive orders, granted the defendants' motions to dismiss the suit on a number of grounds, varying by defendant. We will not address them all, because we find a sufficient basis for dismissal of the entire suit under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

*Heck* holds that a plaintiff may not seek damages for violations of his civil rights arising from a criminal prosecution if a judgment in his favor "'would necessarily imply the invalidity of his conviction or sentence.'" *Vangilder v. Baker*, 2006 WL 73401, at *1-2 (7th Cir. Jan. 13, 2006) (quoting *Heck*, 512 U.S. at 487); *see also Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004); *Johnson v. Litscher*, 260 F.3d 826, 830 (7th Cir. 2001). Allen argues that his conspiracy and related claims are not barred by *Heck* because he can show that a federal court issued a § 2255 decision in his favor. But his focus on this limited relief misses the point of *Heck*. A suit that if successful would undermine a conviction or sentence "must be dismissed unless the plaintiff can demonstrate that the *conviction or sentence* has already been invalidated." *Heck*, 512 U.S. at 487 (emphasis added). And although Allen did achieve resentencing after filing his § 2255 motion, he also

ended up with the same convictions and with lengthy terms of imprisonment and supervised release. That is why *Heck* remains an obstacle.

What Allen seeks to undermine is the still-valid August 2000 judgment. He contends that all three of his defense attorneys (the two who signed off on the amendment and a third who represented him at sentencing) conspired against him with the prosecutor, and if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *United States v. Cronic*, 466 U.S. 648, 659 (1984); *see also Van Patten v. Deppisch*, 2006 WL 162992, at *2 (7th Cir. Jan. 24, 2006) (applying *Cronic*). Taking Allen's allegations as true, we cannot imagine how they could not undermine the validity of his convictions and sentences. And, indeed, as we have noted, that was the very argument Allen made to us when he unsuccessfully appealed the August 2000 judgment. The goal of *Heck*, of course, is to prevent "'the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Vangilder*, 2006 WL 73401, at *1 (quoting *Heck*, 512 U.S. at 484). Like the district court, we conclude that Allen's aim is to do just that. Accordingly, his complaint is barred under *Heck*.

AFFIRMED.