**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued May 30, 2007
Decided June 1, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** KENNETH F. RIPPLE, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

No. 06-4196

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

*v.*

GEORGE MOORE,
    *Defendant-Appellant*.

Appeal from the United States District Court for the Central District of Illinois.

No. 05-10086-002
Michael M. Mihm, *Judge*.

## Order

The plea bargain to which George Moore agreed contains a clause waiving any right to appeal or file a collateral attack. Moore appealed anyway, contending that he should have received a lower sentence, an argument squarely barred by his waiver. Moore's first argument, however—that his plea should be set aside because of poor advice from his attorney—is not barred, because as we held in *United States v. Wenger*, 58 F.3d 280 (7th Cir. 1995), a waiver of appeal stands or falls with the plea to which it pertains. Set aside the plea, and the waiver vanishes.

Moore contends that his lawyer told him to lie during the plea colloquy in order to induce the judge to accept the plea. He also maintains that counsel did not discuss with him subjects such as the strength of the evidence and any potential defenses, and so furnished ineffective assistance. Troubled by these allegations, the district judge held a hearing at which both Moore and his former lawyer testified. The judge found that Moore lied on the stand during this hearing, that counsel's advice met the constitutionally required standard, and that the plea is valid.

Moore's appellate counsel does not contend that these findings are clearly erroneous. Instead Moore's brief essentially ignores the adverse findings and proceeds as if all of Moore's current allegations had been admitted by the prosecutor. Such an approach is doomed in an appellate tribunal. The district court's findings are not clearly erroneous. No more need be said to conclude that the judge did not abuse his discretion in declining to allow Moore to withdraw his guilty plea. And, with the plea in place, the waiver of appeal bars any review of the sentence.

AFFIRMED