NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1155
_____

UNITED STATES OF AMERICA

v.

RAHEEM T. CREQUE,
                    Appellant

_____

On Appeal from the District Court
of the Virgin Islands
(D.V.I. No. 3-14-cr-00034-001)
District Judge: Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 16, 2016

Before: CHAGARES, JORDAN, and HARDIMAN, *Circuit Judges*.

(Filed:  December 20, 2016)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Raheem Creque appeals his judgment of sentence following a plea of guilty. Because that plea included a valid appellate waiver, we will dismiss Creque's appeal.

I

Creque was arrested on January 21, 2014 for, *inter alia*, production of child pornography. Two days later he escaped and was on the lam for over a month, until he was captured on February 28, 2014. On June 12, 2014, a federal grand jury indicted Creque on 38 counts.

On July 9, 2014, Creque pleaded guilty to three counts of production of child pornography in violation of 18 U.S.C. § 2251(a) (Counts 1, 7, and 8) and one count of escape from custody in violation of 18 U.S.C. § 751(a) (Count 32). Creque acknowledged that he reviewed the written plea agreement, was satisfied with his legal representation, and understood that his crimes carried a maximum sentence of 360 months' imprisonment and supervised relief for life. He further acknowledged that he waived both his right to appeal any sentence within the statutory maximum and to bring any habeas petition, except for ineffective assistance of counsel.

Creque was sentenced on January 8, 2015. The Presentence Investigation Report recommended a two-level enhancement for obstruction of justice under United States Sentencing Guidelines (USSG) § 3C1.1, and the District Court accepted this recommendation over Creque's objection. Based on an offense level of 38 and criminal history category of I, Creque's advisory Guidelines range was 235 to 293 months'

imprisonment. The District Court then considered the factors under 18 U.S.C. § 3553(a) and sentenced Creque to 300 months' imprisonment on the three child pornography counts and a concurrent term of 60 months' imprisonment on the escape charge. The Court also imposed a lifetime term of supervised release.

II[1]

Before addressing Creque's substantive claims, we must first consider the Government's argument that Creque waived his right to appeal. We review that issue de novo. *United States v. Williams*, 510 F.3d 416, 421–22 (3d Cir. 2007).

The appellate waiver in Creque's plea agreement states:

The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on the grounds set forth in [18 U.S.C.] Section 3742(a) or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. In addition, the defendant expressly waives the right to petition under 28 U.S.C. Section 2255, with the exception of a claim of ineffective assistance of counsel. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily. This agreement does not affect the rights or obligations of the United States as set forth in [18 U.S.C.] Section 3742(b).

Supp. App. 27.

Despite this clear waiver of any right of direct appeal, Creque claims that his waiver is not enforceable because he brings a meritorious appeal. But we have repeatedly

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

held that waivers of appeal may be enforceable even if claims of error at the district court are clearly "meritorious." *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001) (quoting *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999)); *see also id.* (quoting *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995)) ("To say that a waiver of appeal is effective if and only if the defendant lacks grounds . . . is to say that waivers will not be honored." (alteration in original)). Creque's unenforceability argument is a nonstarter.

We will enforce an appellate waiver if: (1) it is entered knowingly and voluntarily; (2) no exception in the plea agreement prevents enforcement of the waiver; and (3) "enforcing the waiver would [not] work a miscarriage of justice." *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) (citations omitted). Because all three factors are present here, we will enforce Creque's waiver.

First, Creque does not argue that he agreed to the waiver involuntarily or unknowingly. For a waiver of appeal to be "knowing and voluntary," the sentencing judge "must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . the terms of [the] plea-agreement [provision] waiving the right to appeal or to collaterally attack the sentence." *Khattak*, 273 F.3d at 563 (quoting Fed. R. Crim. P. 11(b)(1) & (b)(1)(N)). Here, the District Court complied with the rule by stating:

> Ordinarily when a defendant is sentenced in court, you have a right to appeal the sentence imposed by the Court.

4

According to your plea agreement you have agreed to waive, that is, give up, your right to appeal any sentence within the maximum provided in the statutes of conviction. You have also agreed to waive, that is, give up, your right to petition under 28 U.S. Code, Section 2255, with the exception of a claim of ineffective assistance of counsel.

Do you understand that if your plea is accepted, you will have waived or given up your right to appeal as I outlined?

Supp. App. 7. Creque answered: "Yes, Your Honor." *Id.* The Court ensured that Creque was competent, that he made an informed decision, and that his demeanor indicated his voluntariness.

Second, no exception to the appellate waiver applies. Creque's plea agreement permits a direct appeal from his sentence only if it exceeds the statutory maximum for his crimes. The District Court made sure that Creque understood his maximum statutory sentence was "30 years imprisonment." Supp. App. 5–6. Because Creque was sentenced to 25 years' imprisonment (300 months), he doesn't qualify for this exception.

The plea agreement's habeas carve-out is also inapplicable. As Creque points out, he has the right under his plea to file a habeas petition based on ineffective assistance of counsel. But this is a direct appeal, not a habeas petition.

Third, enforcing the appellate waiver would not result in a miscarriage of justice. It is only the "unusual circumstance where an error amount[s] to a miscarriage of justice." *Khattak*, 273 F.3d at 562. Rather than "earmark specific situations," we have pointed to certain factors to determine if a sentencing error vitiates the waiver of appeal. *See id.* at 563. Those factors include the "clarity of the error, its gravity, its character . . . , the impact of the error on the defendant, the impact of correcting the error on the

5

government, and the extent to which the defendant acquiesced in the result." *Id.* (quoting *United States v. Teeter*, 257 F.3d 14, 25–26 (1st Cir. 2001)).

Creque claims a miscarriage of justice will result from enforcing his waiver because it is "apparent on the face of the record" that he received ineffective assistance of counsel at sentencing. Reply Br. 2. According to Creque, this ineffective assistance led to a longer sentence than warranted due to his two-level enhancement for obstruction of justice and his above-Guidelines sentence. But it is less than clear that these are errors at all. First, escape from custody *is* obstruction of justice under USSG § 3C1.1, *see* comment 4(E); and second, the District Court complied with 18 U.S.C. § 3553(a) in deviating slightly upward from the Guidelines range, while remaining well below the statutory maximum sentence.

Nor does the "face of the record" show that Creque received ineffective assistance of counsel. His lawyer specifically objected to the obstruction of justice "error" of which he complains. And counsel was not required to object to the District Court's thorough analysis of the § 3533(a) factors. Creque specifically agreed that he "had a chance to review the documents in this case with [his] attorney" and that he was "satisfied with the representation [he] received from [his] attorney in this case." Supp. App. 4. Indeed, Creque does not even allege that his plea agreement was the product of inadequate assistance of counsel. And in the agreement, he consented to any sentence under 360 months, so Creque "acquiesced in the result," *Khattak*, 273 F.3d at 563 (quoting *Teeter*,

6

257 F.3d at 26). Accordingly, his sentence does not constitute "manifest injustice," *United States v. Gwinnett*, 483 F.3d 200, 206 (3d Cir. 2007).

We conclude by noting that Creque's appellate waiver was not purchased cheaply. For its part, the Government agreed to dismiss 34 of 38 counts against Creque, including several counts of second degree rape. For that reason, allowing Creque to avoid his appellate waiver "would prolong litigation, affording [him] the benefits of [his] agreement[] while shielding [him] from [his] self-imposed burdens." *Khattak*, 273 F.3d at 561. We decline to do so and will affirm Creque's judgment of sentence.