| NONPRECEDENTIAL DISPOSITION |
| :---: |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 7, 2022
Decided July 11, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2178

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

        *v.*

ADAN GODINEZ,
    *Defendant-Appellant*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 16 CR 554

Jorge L. Alonso, *Judge*.

**O R D E R**

Adan Godinez pleaded guilty to one cocaine-conspiracy count, 21 U.S.C. §846, plus one count of discharging a firearm during a drug-trafficking crime, 18 U.S.C. §924(c)(1)(A)(iii). His written plea agreement includes a waiver of the right to appeal. In exchange for this plea, the prosecutor dismissed some charges, reducing the statutory minimum sentence from 35 years in prison to 15 years. The district judge sentenced Godinez to 26 years. He appealed anyway, and the prosecutor asks us to enforce the waiver.

The validity of a waiver stands or falls with the validity of the plea, see *United States v. Wenger*, 58 F.3d 280 (7th Cir. 1995), and Godinez maintains that his plea was involuntary because his lawyers did not tell him about potential defenses such as

entrapment and pressured him to plead guilty despite that defense. He made a similar argument in the district court. The judge held a hearing and took testimony from Godinez's former lawyers. Godinez elected not to testify but submitted two unsworn statements. The judge found the lawyers credible (and Godinez not credible), concluding that they had discussed with him the possibility of going to trial with an entrapment defense but had counseled him not to do so because the defense would fail and he would be exposed to a higher penalty. The judge thought that advice sound, observing that evidence shows that Godinez was predisposed to commit the crimes, negating any entrapment defense. Moreover, the judge observed, Godinez had twice stated under oath that he was satisfied with his lawyers' assistance and had not been coerced into pleading guilty. The judge remarked that such statements are binding.

We do not see any error or abuse of discretion by the district judge. It follows that the guilty plea was voluntary and the waiver must be enforced. Other issues that Godinez raises on appeal—such as whether the judge should have asked more narrative questions and fewer yes/no questions when taking the plea—do not concern the plea's voluntariness. He does not cite any authority for the proposition that the Constitution requires open-ended questions as a condition of a voluntary plea. Given the waiver, no other contentions need be discussed.

The appeal is dismissed as barred by the waiver.