UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 15, 2006
Decided November 15, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 05-2987

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>EMANUEL CABELL,<br>    *Defendant-Appellant*. | Appeal from the United States<br>District Court for the Southern District of<br>Indiana, Evansville Division<br><br>No. 3:04CR00017-002<br><br>Richard L. Young,<br>*Chief Judge.* |

**O R D E R**

Emanuel Cabell pleaded guilty to conspiracy to possess and distribute cocaine, crack and marijuana. *See* 21 U.S.C. §§ 846, 841(a)(1). In his written plea agreement, Cabell waived any right to appeal his conviction or sentence so long as the district court used the parties' stipulations in calculating the guidelines range and imposed a prison sentence within that range. The district court met that condition and sentenced Cabell to 324 months' imprisonment, two years' supervised release, and a $100 special assessment. Despite his waiver, Cabell filed a notice of appeal, and appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Cabell has accepted our invitation to respond to counsel's motion. *See* Cir. R. 51(b).

Counsel's supporting brief is facially adequate, so we limit our review to the potential issues identified by counsel and Cabell. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The appeal waiver in Cabell's plea agreement was triggered when the district court accepted the parties' sentencing stipulations and imposed a prison term within the resulting guidelines range. That waiver is Cabell's broad promise to forego challenging his conviction or sentence "on any ground." An appeal waiver is enforceable if knowing and voluntary*, United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005), so Cabell cannot proceed with this appeal unless he can overcome his waiver. And he cannot contest the waiver without challenging his guilty plea. *See United States v. Cieslowski*, 410 F.3d 353, 361-362 (7th Cir. 2005)*; United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002).

Thus forced to confront the waiver, counsel considers whether Cabell might argue that noncompliance with Fed. R. Crim. P. 11(b) rendered his guilty plea involuntary. Cabell has said he wants the plea set aside, so counsel has appropriately explored this question. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Cabell, though, did not move to withdraw his guilty plea in the district court, so our review would be for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, No. 05-3514, 2006 WL 3055948, \*2 (7th Cir. Oct. 30, 2006).

We agree with counsel that an argument premised on Rule 11 would be frivolous. Although counsel notes that the district court did not mention Cabell's right to court-appointed counsel, *see* Fed. R. Crim. P. 11(b)(1)(D), Cabell could not have been harmed by this omission since an appointed lawyer was with him during the colloquy, *see United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). Counsel further notes that the district court failed to mention that Cabell could "present evidence" if he proceeded to trial, *see* Fed. R. Crim. P. 11(b)(1)(E), but the court effectively said just that in telling Cabell he could testify in his own defense and compel others to testify for him. Cabell indicated that he understood the effects of his guilty plea. Even with the noted omissions, the district court substantially complied with the requirements of Rule 11, assuring both the voluntary nature of Cabell's plea, *see United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003), and the enforceability of his appeal waiver.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.