**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2007
Decided February 5, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Nos. 05-4250, 05-4552 & 05-4567

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Western District of Wisconsin |
| *v.* | |
| SIRRON BUCKNER, et al., *Defendants-Appellants.* | Nos. 05-CR-093-S-01 05-CR-092-S-01 05-CR-094-S-01 |
| | John C. Shabaz, *Judge.* |

**O R D E R**

Sirron Buckner and Senaca Bartlett pleaded guilty to knowingly and intentionally possessing with intent to distribute more than 5 grams of crack cocaine, *see* 21 U.S.C. § 841(a)(1), and Darriell Cross pleaded guilty to possession of 5 or more grams of crack cocaine, *see* 21 U.S.C. § 844(a). In these consolidated appeals, appointed counsel for each appellant moves to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because they cannot discern any nonfrivolous bases for the appeals. Each supporting brief is facially adequate, and none of the appellants responded to our invitation under Circuit Rule 51(b) to comment on his

counsel's submission.[1]  We thus review only the potential issues identified in each counsel's brief.  *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

In June 2005 police in Madison, Wisconsin responded to a call from a hotel manager, reporting an unusually high number of visitors and telephone calls to the rooms being used by Buckner and Bartlett.  The police officers knew from previous encounters that Buckner was involved in trafficking controlled substances.  At the hotel, a dog sniff in the hallway just outside the two rooms indicated a positive alert.  The officers then watched the rooms and observed Buckner, Bartlett, and Cross leave together in a car.  A short time later, police conducted a traffic stop on the car based on outstanding warrants for Bartlett.  Cross attempted to flee the vehicle and threw a package containing crack cocaine under the car before he was caught by police.  Police also found a small amount of marijuana in the car and arrested all three men.  Later, police found cocaine, crack cocaine, over $13,000 in cash, a small amount of marijuana, a small amount of MDMA (Ecstasy), and a firearm in the hotel rooms.

### I. Sirron Buckner

Buckner's PSR placed him in criminal history category V, but Buckner objected at sentencing that a criminal history category of III better reflected the relatively minor nature of his past convictions, such as traffic offenses for driving without a license.  Buckner's other convictions were all misdemeanors, except for one felony conviction for possession of a marijuana cigarette.  The district court rejected Buckner's argument, set his criminal history category at V, and sentenced him to 192 months' imprisonment—the upper part of the 168-210 month guidelines range.

Counsel identifies only one potential issue for appeal: whether Buckner could argue that his sentence is unreasonable in light of the factors identified in 18 U.S.C. § 3553(a) because his criminal history consisted mainly of misdemeanor offenses.  Counsel considers whether Buckner could assert that a lower criminal history category was more appropriate because his only prior felony conviction was for possession of a small amount of marijuana.

Counsel correctly concludes that such an argument would be frivolous because Buckner's sentence was reasonable.  First, Buckner's sentence is presumed reasonable because it falls within the properly calculated guidelines range.  *See United States v. Gama-Gonzalez,* No. 06-1965, 2006 U.S. App. LEXIS 29744 (7th

---

[1]  Buckner's motion to file an out-of-time response to his attorney's brief was denied on January 11, 2007.

Cir. Dec. 5, 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Although the Supreme Court has recently granted a writ of certiorari to consider whether according a presumption of reasonableness to a sentence within the guidelines range is consistent with *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754), the resolution of that question would not affect our conclusion that a challenge to Buckner's sentence would be frivolous. Here the district court adequately considered the § 3553(a) factors before deciding that a sentence toward the top of the guidelines range was appropriate. For instance, the court engaged in an extensive discussion of Buckner's history and characteristics, noting his "numerous" juvenile adjudications that give "a flavor of a person's character and a person's ability to address the standards which are expected of most of us." The court then considered Buckner's multiple driving offenses, some of which involved driving while intoxicated or carrying a weapon, leading the court to observe that Buckner was a "dangerous person" to have on the streets and a "perennial violator of the law." The court acknowledged that Buckner came from a broken home, but did not accept Buckner's argument that these circumstances spurred him to commit the crimes that he did. The court also observed that Buckner's "criminal behavior appears to be increasing substantially" and proposed that he "needs structure, . . . vocational programs and substance abuse treatment . . . in a custodial setting to protect the community from his continued criminal conduct." The district court did not ignore any of Buckner's arguments for a lower sentence, *see United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005). In sum, it would be frivolous to argue that the sentence was unreasonable.

## II. Senaca Bartlett

After determining that Bartlett qualified as a career offender, *see* U.S.S.G. § 4B1.1, the district court sentenced him to 210 months' imprisonment and 5 years' supervised release.

Counsel first considers whether Bartlett could argue that his guilty plea must be set aside because the court did not comply with Federal Rule of Criminal Procedure 11 during the plea colloquy. This issue is properly considered because, in accordance with *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), counsel has verified that Bartlett now wishes to withdraw his plea. Any Rule 11 challenge would be reviewed for plain error because Bartlett did not move to withdraw his plea in the district court. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006).

We agree that such a challenge would be frivolous. The court complied with Rule 11, informing Bartlett of his right to plead not guilty and explaining the

charges, possible penalties, and the rights Bartlett would give up by pleading guilty. The court also confirmed an adequate factual basis for the plea and ensured that Bartlett was not pleading under perceived pressure or coercion from the government.

Counsel also considers whether Bartlett could argue that he was improperly sentenced as a career offender, *see* § 4B1.1(a), for having two adult felony drug convictions. A defendant qualifies as a career offender if, among other things, he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id*; *United States v. Dyer*, 464 F.3d 741, 742-43 (7th Cir. 2006). At sentencing, Bartlett argued that he should be sentenced below the applicable guidelines range because his two prior convictions involved only "small amounts of cocaine," resulting in short periods of imprisonment.

The district court correctly determined that Bartlett's two prior drug convictions qualified him to be sentenced as a career offender. He had twice previously been convicted in Wisconsin state court of possession with intent to distribute cocaine, a controlled substance offense which counts as a felony for the purposes of the guidelines. *See Bethel v. United States*, 458 F.3d 711, 713 (7th Cir. 2006). Therefore, it would be frivolous to argue that § 4B1.1 was erroneously applied.

### III. Darriell Cross

At sentencing Cross objected to the PSR's recommendation of an advisory guidelines range of 151 to 188 months on three bases: he argued that (1) his criminal history category of VI substantially over-represented the seriousness of his criminal history because it included offenses that occurred nine to ten years ago, when he was only 18 or 19 years old, *see* U.S.S.G. § 4A1.3; (2) he should receive a lower sentence pursuant to § 5K2.0 because he possessed the crack for only a brief period of time; and (3) the disparity in the sentencing guidelines between penalties for possession of cocaine base and powder cocaine is unjustified. The court considered and rejected these arguments and sentenced Cross to 170 months' imprisonment and three years' supervised release.

Counsel generally considers whether Cross could challenge the court's rejection of his objections at sentencing. Any such challenge, however, would be frivolous. As to the criminal history assessment, the application notes to the guidelines counsel that a lower sentence may be warranted "if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S.S.G. § 4A1.3 n.3. But Cross's criminal history computation included two offenses he committed in 2004, when he was 26 and 27 years old, as well as two

felony convictions in 1995 and one in 1996.  As to the request for a sentence adjustment, § 5K2.0 is intended to account for variations in circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines," *see* 5K2.0(a)(1), and this case does not present the type of "exceptional circumstance" that calls for a lowered sentence.  *See United States v. Cooper*, 461 F.3d 850, 855 (7th Cir. 2006) (noting that concept of "departures" has been rendered obsolete post-*Booker*, and review is now for reasonableness).  As to the crack vs. powder cocaine objection, we have consistently upheld the 100:1 ratio established by Congress and cannot substitute a different ratio for the one that Congress has selected.  *See, e.g., United States v. Jointer*, 457 F.3d 682, 686 (7th Cir. 2006).

Counsel next considers whether Cross could argue that his sentence, within the correctly calculated guidelines range, was unreasonable.  As discussed above, a sentence within the guidelines range is presumed reasonable, *see Gama-Gonzalez*, 2006 U.S. App. LEXIS 29744; *Mykytiuk*, 415 F.3d at 608.  But even without the presumption, we agree that any challenge to Cross's sentence would be frivolous.  Here, the court adequately applied the § 3553(a) factors, noting, with respect to the offense of conviction, that Cross handled "a large amount of crack cocaine."  With respect to his history and characteristics, the court added that he had not been deterred by other criminal sentences in the past, that he probably would not be deterred by a lighter sentence this time, and that he was "as close to a career offender criminal as you could be without the designation."  With respect to sentencing goals, *see* § 3553(a)(2), the court considered the need to protect the public, as well as the possibility that Cross would receive needed mental health treatment while incarcerated.  The court concluded that a sentence in the middle of the guidelines range "promotes general and specific deterrence, holds the defendant accountable for his illegal conduct, and accomplishes the statutory purposes of sentencing."

Counsel next considers whether Cross could argue on appeal that the district court should have granted him a lower sentence based on his role as a minimal or minor participant in the offense.  *See* U.S.S.G. § 3B1.2; *United States v. Mendoza*, 457 F.3d 726, 729 (7th Cir. 2006); *United States v. Hunte*, 196 F.3d 687, 693-94 (7th Cir. 1999).  But counsel correctly notes that this argument is waived if not raised during sentencing, and Cross did not request a sentence adjustment based on § 3B1.2 before the district court.  *See United States v. Carrillo*, 269 F.3d 761, 770 (7th Cir. 2001); *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000).

Finally, counsel considers whether Cross could challenge his sentence on the ground that he received ineffective assistance of counsel.  But as we have repeatedly noted, a claim of ineffective assistance of counsel is better suited for collateral

review.  *See Massaro v. United States,* 538 U.S. 500, 504 (2003); *United States v. Rezin,* 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly, counsels' motions to withdraw are GRANTED and the appeals are DISMISSED.