**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 7, 2007
Decided March 1, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2679

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04-CR-935-1 |
| DAVID PHILLIPS, *Defendant-Appellant*. | Joan Humphrey Lefkow, *Judge*. |

**O R D E R**

David Phillips pleaded guilty to transporting a minor across state lines to engage in prostitution.  *See* 18 U.S.C. § 2423(a).  As part of his plea agreement, he also admitted facts underlying a collection of other charges that were dismissed. The comprehensive plea agreement includes a waiver that precludes Phillips from appealing "any sentence within the maximum provided in the statutes of conviction" except that he may still challenge the voluntary character of the waiver and the effectiveness of the lawyer who negotiated it on his behalf.  The district court sentenced Phillips to 210 months' imprisonment, the low end of the applicable guidelines range.

Phillips filed a notice of appeal despite his waiver, but newly appointed appellate counsel has moved to withdraw because he cannot discern a nonfrivolous issue for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Phillips to respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so. Counsel's supporting brief is facially adequate, so we limit our review to those potential issues identified by counsel. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 1997).

Counsel first considers whether Phillips might argue that his plea colloquy fell short of the requirements of Federal Rule of Criminal Procedure 11, making his guilty plea involuntary. *See* Fed. R. Crim. P. 11; *Schuh*, 289 F.3d at 975 (explaining that substantial compliance with Rule 11 ensures that plea is knowing and voluntary). Counsel advises that Phillips wants his plea set aside, so we may address this potential argument. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Phillips, though, never moved to withdraw his guilty plea in the district court, so we would review his plea colloquy only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006). The district court substantially complied with Rule 11 by assuring itself that Phillips understood the charge, that he was pleading guilty of his own volition, that he understood the rights he would forfeit including the right to appeal his sentence, and that he understood the range of sentences he could receive. *See United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003); *United States v. Bennett*, 332 F.3d 1094, 1099 (7th Cir. 2003). Because we discern no error—-let alone plain error—-in the colloquy, we agree with counsel that any challenge to the voluntariness of Phillips's guilty plea would be frivolous.

That conclusion, as counsel notes, also renders frivolous any challenge to the sentence imposed. An appeal waiver entered in conjunction with a voluntary guilty plea is itself valid and enforceable, *see United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002); *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997), and none of the exceptions to the applicability of this waiver are presented by the facts. Counsel does observe that after Phillips was sentenced he accused his retained attorney of having a conflict of interest. As we have often stated, however, ineffective-assistance claims are better suited to collateral review, at which time a full record may be developed. *See Massaro v. United States*, 538 U.S. 500, 504-505 (2003)*; United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.