NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 17, 2007
Decided April 18, 2007
Amended April 27, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-3406

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> AMY J. KRUEGER, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin <br><br> No. 06-CR-120-S-01 <br><br> John C. Shabaz, <br> *Judge.* |

## O R D E R

Amy J. Krueger pleaded guilty to misuse of a social security number and was sentenced to 18 months' imprisonment followed by three years of supervised release. Krueger filed a notice of appeal, but her appointed counsel now seeks to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because she is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Krueger has responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We therefore limit our review to the potential issues identified in counsel's brief and in Krueger's response. *See United States v. Schuh,* 289 F.3d 968, 974 (7th Cir. 2002).

Krueger pleaded guilty to using a co-worker's social security number to open a credit card account and making two purchases with the card for $64, *see* 42 U.S.C. § 408(a)(7)(B). Her presentence investigation report placed her base offense level at 12, *see* U.S.S.G. §§ 2B1.1(a)(2), 2B1.1(b)(10)(C)(i), and recommended a two-level reduction for acceptance of responsibility, *see* § 3E1.1(a). A total offense level of 10, combined with criminal history category IV, yielded a recommended sentencing range of 15 to 21 months' imprisonment. Krueger did not object to any information set out in the PSR, but she did request that the court sentence her to probation instead of prison, primarily because of her family responsibilities and a bout with ovarian cancer that was in remission.

At sentencing, the court noted that Krueger had a "serious" criminal history, including prior thefts dating back to 1992, when she was 20 years old. The court observed that previous lenient sentences had not deterred her from further crime, and therefore not "even a most merciful judge" would find probation to be an adequate sentence. The court emphasized that the crimes "continue[]," the "beat goes on," and "there has been no deterrence." What was exceptional in the eyes of the court was not Krueger's family or health issues, but her numerous discharges from past jobs for inappropriate and sometimes criminal behavior.

Counsel first considers whether Krueger could argue that the factual basis offered in support of her guilty plea was inadequate, *see* Fed. R. Crim. P. 11(b)(3). Counsel suggests, and Krueger in her Rule 51(b) response now maintains, that she did not use her co-worker's social security number to open a credit card account but instead received a credit card with his name in the mail, stole it, and began using it. Because she did not apply for the credit card, the argument continues, she did not commit the particular offense she pleaded guilty to.

This issue is properly considered because, in accordance with *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), counsel has verified that Krueger now wishes to withdraw her plea. Any such challenge would be reviewed for plain error because Krueger did not move to withdraw her plea in the district court. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006). We agree that such a challenge would be frivolous. The court determined that there was a factual basis for the plea; in other words, the court found that the "facts support the charge." *United States v. Christian*, 342 F.3d 744, 748 (7th Cir. 2003). At the plea colloquy, Krueger did not dispute any of the evidence that the government proposed to present at a trial, including an admission by Krueger to a police officer that she applied for the credit card. Krueger agreed that she, with the intent to deceive, misrepresented that a certain social security number belonged to her, and that she "made the application" for and obtained a credit card account at a bank in Wisconsin using her co-worker's social security number. These representations are presumed truthful, *see United*

*States v. Loutos,* 383 F.3d 615, 619 (7th Cir. 2004), and she has not rebutted the presumption.

Krueger also suggests that she pleaded guilty at trial counsel's urging to this crime that she did not commit, and she therefore would like to raise a claim for ineffective assistance of counsel. Trial counsel also fell short, in Krueger's eyes, because he failed to make unspecified objections to her PSR, did not press for a mental health examination, consistently told her she would not be sentenced to prison, and did not explain the sentencing guidelines to her or seem to understand how her criminal history score might affect her sentence. However, any claim for ineffective assistance of counsel would be better suited for collateral review where the record can be further developed. *See Massaro v. United States,* 538 U.S. 500, 504 (2003); *United States v. Rezin,* 322 F.3d 443, 445 (7th Cir. 2003).

Both counsel and Krueger also consider whether Krueger could argue that her sentence was unreasonable. However, because the term falls within the properly calculated guidelines range, it is presumed reasonable, *see United States v. Gama-Gonzalez,* 469 F.3d 1109, 1111 (7th Cir. 2006); *United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005), and counsel says she cannot find any basis to rebut this presumption. Although the Supreme Court recently granted a writ of certiorari to consider whether affording a presumption of reasonableness to a sentence within the guidelines range is consistent with *United States v. Booker,* 543 U.S. 220 (2005), *see United States v. Rita,* No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted,* 127 S. Ct. 551 (U.S. Nov. 3, 2006), even without the presumption any challenge to the 18-month term imposed in this case would be frivolous. The district court considered the relevant factors under 18 U.S.C. § 3553(a), such as the need for adequate deterrence, as well as Krueger's own history and characteristics, including her troubled work record, her criminal past, and her family life. The district court need not discuss each of the § 3553(a) factors in checklist fashion; it is enough to calculate the range accurately and explain why a particular defendant deserves his or her sentence, as the court did here. *See United States v. Dean,* 414 F.3d 725, 729 (7th Cir. 2005). We thus agree with counsel that it would be frivolous for Krueger to argue that her sentence is unreasonable.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.