NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 10, 2007
Decided May 17, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-4336

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>JEFFREY B. ONKST,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division<br><br>No. 1:06CR00138-001<br><br>John Daniel Tinder,<br>*Judge.* |

**O R D E R**

Jeffrey B. Onkst pleaded guilty to one count of devising a scheme to defraud through bankruptcy, *see* 18 U.S.C. § 157, and one count of suborning perjury, *see* 18 U.S.C. § 1622. He was sentenced to twelve months' and one day's imprisonment and two years' supervised release. Onkst filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Onkst has not responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We therefore limit our review to the potential issues identified in counsel's brief. *See United States v. Schuh,* 289 F.3d 968, 974 (7th Cir. 2002).

Onkst played a role in nineteen fraudulent bankruptcy petitions being filed between 1999 and 2004. Fourteen of the petitions were filed in the names of Onkst's wife and two children, the others in his name. The purpose of the petitions was to stop the foreclosure sale of properties owned or controlled by Onkst. Onkst would file a petition when a foreclosure sale of a property was set by a financial institution holding the mortgage. The financial institution would prepare for the sale, only to have it forestalled at the last minute by a stay triggered by the bankruptcy petition. Ultimately, all the properties that Onkst sought to save from foreclosure were sold, along with other property he owned. When all the foreclosures and sales were completed, the financial institutions that held the mortgages were fully compensated for their losses.

The last of the petitions was filed by Onkst's son Bradley in May 2004. The following month, Onkst procured Bradley to commit perjury in a bankruptcy proceeding. Bradley testified falsely under oath that he was responsible for filing seven bankruptcy petitions; in fact the petitions in Bradley's name had been filed by Onkst.

Onkst pleaded guilty to causing nineteen fraudulent bankruptcy petitions to be filed between 1999 and 2004, in violation of 18 U.S.C. § 157. He also pleaded guilty to suborning his son to commit perjury, in violation of 18 U.S.C. § 1622. This binding plea agreement recommended a sentence of twelve months' and one day's imprisonment for the two counts. *See* Fed. R. Crim. P. 11(c)(1)(C). The court accepted the plea agreement and imposed the agreed-upon sentence.

Counsel first considers whether Onkst could argue that the factual basis offered in support of his guilty plea was inadequate, *see* Fed. R. Crim. P. 11(b)(3). According to counsel, Onkst denies filing as many as nineteen bankruptcy petitions to defraud banks, and he asserts that this number is overstated and inaccurate.

This issue is properly considered because, in accordance with *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), counsel has verified that Onkst now wishes to withdraw his plea. Any such challenge would be reviewed for plain error because Onkst did not move to withdraw his plea in the district court. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006). We agree that there was a sufficient factual basis to "support the charge." *See United States v. Christian*, 342 F.3d 744, 748 (7th Cir. 2003). At the plea colloquy, Onkst did not dispute the evidence that the government proposed to present at a trial, including an FBI agent's testimony that Onkst filed or caused to be filed nineteen bankruptcy petitions for the purpose of fraudulently avoiding foreclosure. After listening to the description of the government's evidence, Onkst stated, "there's things that I don't actually believe, but I really don't disagree with it in whole." The court asked, "Is [that] pretty much what happened?" and Onkst

responded, "Yes, I believe so." Later Onkst stated, "And, although I may not agree with everything, I do agree that I'm guilty of Count 1 and Count 2 [of the plea agreement]." These representations are presumed truthful, *see United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004), and Onkst has not rebutted the presumption. Moreover, a person violates 18 U.S.C. § 157 by filing "a petition" or "a document in a proceeding" with the requisite intent. *See United States v. Milwitt*, 475 F.3d 1150, 1155 (9th Cir. 2007). Bankruptcy fraud requires only a single fraudulent filing to satisfy the statute. *See United States v. Wagner*, 382 F.3d 598, 602-03, 612 (6th Cir. 2004). As long as Onkst made one fraudulent filing, the number of bankruptcy petitions he filed is irrelevant.

Counsel next considers whether Onkst could argue that his guilty plea must be set aside because the court did not comply with Federal Rule of Criminal Procedure 11 during the plea colloquy. We agree with counsel, however, that such a challenge would be frivolous. The court complied with Rule 11, informing Onkst, among other things, of his right to plead not guilty and explaining the charges, possible penalties, and the rights Onkst would give up by pleading guilty. *See* Fed. R. Crim. P. 11(b)(1). The court also confirmed that Onkst was pleading voluntarily and not under perceived pressure or coercion from the government. *See* Fed. R. Crim. P. 11(b)(2).

Counsel also considers whether Onkst could argue that there was insufficient ground for his conviction because the lenders in question suffered no financial loss. This argument is frivolous because, as counsel correctly observes, actual harm upon the defrauded party is not an element of the crime. *See* 18 U.S.C. § 157; *United States v. Desantis*, 237 F.3d 607, 613 (6th Cir. 2001) ("Filing itself is the forbidden act. . . . Success of the scheme is not an element of the crime.").

Counsel last considers whether Onkst could argue that his sentence was unreasonable. However, because the term falls within the properly calculated guidelines range, it is presumed reasonable, *see United States v. Gama-Gonzalez*, 469 F.3d 1109, 1111 (7th Cir. 2006); *United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005), and counsel says he cannot find any basis to rebut this presumption. Although the Supreme Court recently granted a writ of certiorari to consider whether affording a presumption of reasonableness to a sentence within the guidelines range is consistent with *United States v. Booker,* 543 U.S. 220 (2005), *see United States v. Rita,* No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted,* 127 S. Ct. 551 (U.S. Nov. 3, 2006), even without the presumption any challenge to the twelve-month term imposed in this case would be frivolous. *Booker* does not undermine bargained-for, lawful sentences like Onkst's that were imposed by the district court pursuant to Rule 11(c)(1)(C) and do not exceed the statutory maximum. *See United States v. Cieslowski*, 410 F.3d 353, 363-64 (7th Cir. 2005) (collecting cases).

We **GRANT** the motion to withdraw and **DISMISS** the appeal.