NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2008
Decided July 11, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3898

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* <br><br> v. <br><br> JASON A. VISOR, *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> 07-CR-081-S-01 <br><br> John C. Shabaz, *Judge.* |

**O R D E R**

Police officers in the city of Madison, Wisconsin, found Jason Visor reclining in the driver's seat of a car parked in the middle of a highway. The officers upon searching him discovered that he was carrying a gun in his pocket and that he was in possession of several bags containing a total of 225 grams of marijuana and another bag containing six white pills. Visor has a previous conviction for possessing crack with intent to distribute, and was charged with and pleaded guilty to one count of possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1). He was sentenced to 50 months' imprisonment, within the applicable guidelines range of 46 to 57 months. Visor's lawyer filed a notice of appeal, but

he now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Visor failed to respond to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We limit our review to the potential legal issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In his supporting brief, counsel initially considers whether Visor might challenge his guilty plea, even though he fails to state whether Visor himself would want to pursue a claim if there was one. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Regardless, any potential challenge to the guilty plea would be frivolous. As counsel observes, because Visor did not move to withdraw his guilty plea in the district court, our review is limited to a search for plain error, a standard that Visor, in our opinion, is unable to satisfy. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632-33 (7th Cir. 2006). A proper guilty plea must substantially comply with the requirements of Federal Rule of Criminal Procedure 11. *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). Under Rule 11, the district court must determine a factual basis for the plea and conduct a colloquy to ensure that the plea is voluntary and that the defendant understands the nature of the charge, the rights he relinquishes by entering a plea of guilty, the maximum and minimum penalties authorized by statute, and the other procedural requirements of sentencing. Counsel has not identified any error or omission in the district court's plea colloquy, and our own review of the record confirms that the district court substantially complied with the dictates of Rule 11.

Counsel also considers, but rejects as frivolous, a challenge to the reasonableness of Visor's prison sentence. The probation officer assigned Visor a base offense level of 20 because he committed the gun offense after a previous conviction for possessing drugs, *see* U.S.S.G. § 2K2.1(a)(4), added four levels because Visor's possession of marijuana packaged in several bags suggested that he carried the gun in connection with another felony, *see id.* § 2K2.1(b)(6), and subtracted three levels for acceptance of responsibility, *see id.* § 3E1.1. This total offense level of 21, coupled with a proposed criminal history category of III, yielded an imprisonment range of 46 to 57 months. The district court adopted the probation officer's recommendations without objection, and counsel has not suggested the possibility of error.

Visor argued that a 46-month prison sentence would be appropriate because of his difficult upbringing and the possibility that he suffers a psychiatric condition known as bipolar disorder, though he admitted he has never consulted a doctor for a diagnosis. After discussing Visor's prior conviction for possessing crack with intent to distribute, his two prior convictions for possessing marijuana, and the rest of his criminal history, the district

court concluded that a 50-month sentence was necessary to satisfy several statutory requirements, including holding Visor accountable, protecting the community, deterring further criminality, and achieving parity with similarly situated offenders. *See* 18 U.S.C. § 3553(a).

It would be frivolous for Visor to argue that the district court ignored its obligation to treat the sentencing guidelines as advisory, *see United States v. Booker*, 543 U.S. 220 (2005); *United States v. Dean*, 414 F.3d 725, 728 (7th Cir. 2005), or that it failed to consider the relevant factors under § 3553(a), *see United States v. Harris,* 490 F.3d 589, 597 (7th Cir. 2007); *Dean*, 414 F.3d at 729. "[A]ny sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Because the district court imposed a term within the guidelines range, we may presume it is reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007) (holding that a court of appeals may presume reasonable a district court's proper application of the sentencing guidelines).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.