**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2010
Decided February 4, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1418

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|     *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 08 CR 55-3 |
| DONTAVIS WILLIAMS, | |
|     *Defendant-Appellant.* | Ronald A. Guzmán, |
| | *Judge.* |

**O R D E R**

Dontavis Williams was arrested after he arranged to buy ten kilograms of cocaine from a confidential source working with the government. He pleaded guilty to conspiring to possess drugs with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to the statutory minimum, 120 months in prison. In the plea agreement Williams waived all his appellate rights but filed a notice of appeal anyway. His appellate counsel requests permission to withdraw because he concludes that any challenge to the validity of the waiver would be frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Despite three extensions of time to respond to counsel's submission, *see* CIR. R. 51(b), Williams has failed to file a response, and so we confine our review to the issues identified in counsel's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because the appeal waiver stands or falls with the plea, *Nunez v. United States*, 546 F.3d 450, 454 (7th Cir. 2008), counsel first examines whether Williams has a basis to challenge the voluntariness of the plea. But counsel does not say whether Williams wants to withdraw his plea, *see United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002), nor can we tell from Williams's other filings whether he wishes to have his plea set aside.

Even if Williams wished to withdraw his plea, however, we agree with counsel that any challenge to the voluntariness of the plea would be frivolous. Because Williams did not move to withdraw his plea in the district court, we would review it for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 633 (7th Cir. 2006). A district court ensures the voluntariness of a guilty plea by substantially complying with the admonishments listed in Rule 11 of the Federal Rules of Criminal Procedure. *Schuh*, 289 F.3d at 975. Although the plea colloquy was otherwise extensive, the court omitted reference to the right to have counsel appointed if necessary. FED. R. CRIM. P. 11(b)(1)(D). But Williams was aware that he had the right to an appointed lawyer because the court appointed a lawyer for him after he lost retained counsel. Additionally, the court did not inform Williams that it could order restitution or was obligated to impose a special assessment. FED. R. CRIM. P. 11(b)(1)(K), (L). But the failure to mention the possibility of restitution was inconsequential because the court did not order restitution, and Williams knew about the special assessment from the plea agreement.

Counsel next proceeds to consider whether Williams would have any nonfrivolous basis to challenge his sentence. But the appeal waiver precludes Williams from challenging "any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture." Therefore, we need not examine the sentence any further. *See United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008).

The waiver does not apply to a claim of ineffective assistance of counsel regarding the waiver or its negotiation. But counsel correctly concludes that any such claim would rely on evidence outside the record, and so Williams would be better served by saving any ineffective-assistance claim for a collateral attack under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Accordingly we GRANT counsel's motion to withdraw and DISMISS the appeal.